UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

HELEN WILLIAMS,

    Plaintiff,

    v.

CONAGRA FOODS, INC., DG RETAIL, LLC and DOLGENCORP, INC.,

    Defendants.

Case No. 07-cv-458-JPG

## MEMORANDUM AND ORDER

    In light of Seventh Circuit admonitions, *see, e.g.*, *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072 (1992), the Court has undertaken a rigorous initial review of pleadings to ensure that jurisdiction has been properly pled. The Court has noted the following defects in the jurisdictional allegations of the Notice of Removal (Doc. 2) filed by defendant Conagra Foods, Inc.:

1. **Failure to allege the citizenship of a corporation.** A corporation is a citizen of both the state of its principal place of business <u>and</u> the state of its incorporation. 28 U.S.C. § 1332(c)(1). The relevant pleading must affirmatively allege the specific states of incorporation and principal place of business of a corporate party. Dismissal is appropriate if a plaintiff fails to make such allegations. *Indiana Hi-Rail Corp. v. Decatur Junction Ry. Co.*, 37 F.3d 363, 366 n. 3 (7th Cir. 1994). The Notice of Removal alleges the state of incorporation of defendant Dolgencorp, Inc. but fails to allege its principal place of business.

2. **Failure to allege a the citizenship of each member of an unincorporated association.** To determine if complete diversity exists, the Court must examine the citizenship of each member of a limited liability company. *See Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 692 (7th Cir. 2003). The relevant pleading must affirmatively allege the specific states of citizenship of each member of the limited liability company, and "the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be." *Meyerson v. Harrah's E. Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002). The Notice of Removal fails to allege the specific states of citizenship of each member of defendant DG Retail, LLC.

The Court hereby **ORDERS** that defendant Conagra Foods, Inc. shall have up to and including July 27, 2007, to amend the faulty pleading to correct the jurisdictional defect. Failure to amend the faulty pleading may result in remand of this case for lack of subject matter jurisdiction. Amendment of the faulty pleading to reflect an adequate basis for subject matter jurisdiction will satisfy this order. Defendant Conagra, Inc. is directed to consult Local Rule 15.1 regarding amended pleadings and need not seek leave of Court to file such amended pleading.

**IT IS SO ORDERED.**
**DATED:  July 13, 2007**

> s/ J. Phil Gilbert
> **J. PHIL GILBERT**
> **DISTRICT JUDGE**